UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| LEON D. PRUITT and REBECCA PRUITT, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 10-81-DCR |
| V. | ) ) | |
| GENIE INDUSTRIES, INC., et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of the motion by Third Party Defendant, C.J. Mahan Construction Company, LLC ("Mahan"), for leave to file an amended answer. [Record No. 35] Mahan seeks to amend its answer to include several affirmative defenses, as well as a counterclaim and cross-claim not set forth in its original Answer. [Record No. 35-1] Mahan maintains that the Court should grant this motion because it has retained new counsel with a different view of the case. [*Id.*] Third Party Plaintiffs Sunbelt Rentals, Inc. and Genie Industries, Inc. (collectively, "Third Party Plaintiffs") oppose Mahan's motion, contending that it will cause undue delay and that the amendment would be futile. [Record Nos. 36, 37]

As a preliminary matter, the Court notes that, pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2). The Third Party Plaintiffs assert that "Mahan's counter and cross claim [regarding breach of warranty and interference with business relations], if approved, will require the parties to complete additional

discovery efforts which threaten existing discovery deadlines." [Record No. 36, p. 3] However, as Mahan points out, these are secondary claims are not "ripe until the Court rules upon the primary claims." [Record No. 38] Therefore, discovery in the underlying products liability claim is not at risk of delay from this amendment.

Additionally, having reviewed the parties' pleadings, the Court does not believe that the proposed amendment would be futile as Third Party Plaintiffs suggest. The Court need not grant a motion for leave to amend a complaint under Rule 15 if the amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Futility exists if "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* In its Amended Answer, Mahan argues that there was no contract between the parties. [Record No. 35-2] And even if there is a valid contract, Mahan asserts that it is not liable to either Sunbelt Rentals or Genie Industries for statutory or common law indemnity. [*Id.*] The Third Party Plaintiffs contend that this defense is futile because "[s]imilar contractual indemnity provisions have been upheld as enforceable." [Record No. 36, p. 3] However, this assertion is not sufficient to show that the amendment would be futile. Depending on the language of the agreement, Mahan may in fact *not* be liable. *Thompson v. The Budd Co.*, 199 F.3d 799, 807 (6th Cir. 1999) (noting that. Kentucky law provides that the "nature of an indemnitor's liability under an indemnity contract shall be determined by the provisions of the indemnity agreement itself" (internal citation omitted)). Accordingly, it is hereby

**ORDERED** as follows:

(1) C.J. Mahan Construction Company's Motion for Leave to File First Amended Answer and Counter Claim and Cross Claim [Record No. 35] is **GRANTED**.

(2) The Clerk of the Court is directed to file the Amended Answer and Counterclaim previously tendered by the Third Party Defendant, C.J. Mahan Construction Company, LLC. [Record No. 35-2].

This 7th day of November, 2011.

Signed By:
Danny C. Reeves   DCR
United States District Judge