UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| LEON D. PRUITT and REBECCA PRUITT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) Civil Action No. 3: 10-81-DCR |
| GENIE INDUSTRIES, INC., et al., | ) ) ) |
| Defendants and Third-Party Plaintiffs, | ) ) ) |
| V. | ) **MEMORANDUM OPINION** ) **AND ORDER** ) |
| C. J. MAHAN CONSTRUCTION COMPANY, LLC, | ) ) ) |
| Third-Party Defendant. | ) |

*** *** *** ***

This matter is pending for consideration of the Plaintiffs' Motion for Leave to File an Amended Complaint. [Record No. 61] Having reviewed the materials filed in support of and in opposition to this motion, the Court will grant the relief requested. Additionally, to avoid prejudice, several deadlines will be extended to allow the defendants to conduct additional discovery and submit expert reports.

**I.     Relevant Facts**

On April 22, 2010, Plaintiff Leon Pruitt ("Pruitt") was operating a Genie S-80/S-85 aerial lift as part of a construction project involving the erection of a bridge across the Ohio River near

-1-

Gratz, Kentucky.[1] Pruitt claims that, as the aerial lift was being moved down a slope at the work site, it began to unexpectedly gain speed, placing several other construction workers in danger. In an effort to avoid injuring the other workers, Pruitt steered the aerial lift onto an embankment, causing the lift to overturn. Pruitt was pinned under the lift and received serious injuries.

Pruitt and his wife filed this diversity action on December 15, 2010, asserting claims against Defendant Genie Industries, Inc. ("Genie Industries"), Sunbelt Rentals, Inc. ("Sunbelt Rentals"), and two other parties who were subsequently dismissed from this litigation. The Plaintiff's complaint contained five causes of action alleging negligence (Count One), breach of warranty (Count Two), strict liability (Count Three), failure to warn (Count Four), and loss of consortium (Count Five). On March 11, 2011, the parties submitted a joint report of their planning meeting. In relevant part, the parties proposed that all expert information and reports be submitted by October 15, 2011 (plaintiffs) and December 31, 2011 (defendants), and that all discovery be concluded by February 15, 2012. [Record No. 10] After considering the parties' submission, the Court shortened these deadlines to require expert witness information and reports from the plaintiffs' experts by September 15, 2011, with the defendants submitting their expert witness information and reports by October 14, 2011. The Court set November 15, 2011, as the deadline for completing all discovery. [Record No. 14]

New counsel entered an appearance for Sunbelt Rentals on May 20, 2011. Several days later, Sunbelt's counsel moved for an extension of time to amend the pleadings and join additional parties. [Record Nos . 18 and 19] That motion was denied for reasons explained in

---

[1] The factual summary is taken from the plaintiffs' original complaint filed December 15, 2010. [Record No. 1]

-2-

an accompanying Order. [Record No. 20] However, the Court granted Sunbelt Rentals' motion for leave to file a third-party complaint against Pruitt's employer, C. J. Mahan Construction Company, LLC ("C. J. Mahan Construction") and certain "John Doe" third-party defendants. [*See* Third Party Complaint; Record No. 23] C. J. Mahan Construction filed its answer to the third-party complaint on June 23, 2011. [Record No. 26]

Approximately thirty days before their deadline to provide expert witness information and reports, the plaintiffs submitted an unopposed motion to amend the March 14, 2011 Scheduling Order. [Record No. 31] More specifically, the plaintiffs sought to set aside the April 24, 2012, trial date as well as all other deadlines. According to plaintiffs' counsel, this action was necessary because their "principal liability expert" had recently withdrawn from the case due to personal matters, requiring them to locate an alternate expert witness. The plaintiffs' request was granted on September 15, 2011, and an Amended Scheduling Order was entered on that date. [Record No. 32] In relevant part, the Court extended the deadline for the disclosure of expert witness information to January 15, 2012 (plaintiffs) and February 15, 2012 (defendants). Additionally, the deadline for completing all discovery was extended until March 15, 2012. The Amended Scheduling Order also extended the time for seeking leave to amend pleadings from June 1, 2011, until November 15, 2011. [*Id.*]

Relying on information provided by their new expert witness, on January 25, 2012, the plaintiffs filed the current motion to amend their complaint to assert a claim for punitive damages against Genie Industries and Sunbelt Rentals. According to their accompanying memorandum, the plaintiffs' expert witness regarding liability submitted a report on January 9, 2012, containing

an opinion that, before the April 22nd accident, Genie Industries was aware of the alleged defect in the aerial lift's controls and its affect on the lift's braking system. Based on this claimed knowledge, the plaintiffs contend that the defendants' actions constitute gross negligence giving rise to a claim for punitive damages. [Record No. 61] According to the plaintiffs, their motion to file an amended complaint was submitted within two weeks of receiving information that would support a claim for punitive damages. Further, they argue that the defendants would not be prejudiced by the filing of the proposed amended complaint.

The defendants strongly object to the motion seeking to assert a claim for punitive damages. In relevant part, they contend that the motion is untimely and, contrary to the plaintiffs' representations, would substantially prejudice them. They also argue that the proposed amendment would be futile because their actions cannot be properly characterized as being oppressive, fraudulent or grossly negligent. [Record Nos. 68 and 69]

**II.     Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure governs the filing of amended pleadings. The rule provides that, where, as here, an answer to the complaint has been filed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). The decision to grant a motion to amend lies within the sound discretion of the district court. However, the Supreme Court has instructed that Rule 15's permissive mandate "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal policy of granting amendments is

premised on the desirability of hearing the plaintiff's claims on the merits. *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986).[2]

Generally, a plaintiff's motion for leave to amend should be granted absent a justifiable reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. In applying these factors, the Sixth Circuit has repeatedly emphasized that "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citations omitted). Further, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id*.

The party opposing the amendment has the burden of demonstrating that it would be prejudicial or futile. *Sokolski v. Trans Union Corp*., 178 F.R.D. 393, 396 (E.D. N.Y. 1998). Here, the record has not been sufficiently developed for the Court to conclude that the proposed amendment would be futile. While Defendant Genie Industries has offered an explanation of its efforts to provide notice to users of the aerial lift prior to the accident in issue, the Court

---

[2] The parties generally agree regarding the standard applicable to motions to amend as well as the factors to be considered by the Court in evaluating such motions. At pages 3 through 4 of their supporting memorandum, the plaintiffs cite *Foman v. Davis*, *supra*, and *Dunleavy v. Local 1617*, 814 F.2d 1087 (1986), regarding the standard applied to motions to amend. Genie Industries cites *Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005), regarding six factors to be considered in evaluating motions to amend. These six factors are: (1) undue delay in filing; (2) lack of notice to the non-moving party; (3) bad faith by the moving party; (4) repeated failures to cure deficiencies by prior amendment; (5) undue prejudice to the non-moving party; and (6) futility of amendment. Sunbelt Rentals filed a separate memorandum opposing the plaintiffs' motion to amend on February 17, 2012. Sunbelt essentially adopted the same arguments as those made by Genie Industries. [Record No. 69]

cannot state with certainty that these facts are undisputed. Thus, while the record may ultimately support a motion for summary judgment on this issue, it would be premature to reach such a conclusion at this time. Likewise, the Court cannot conclude that the plaintiffs have acted in bad faith in filing their motion to amend two months after the previously-imposed deadline to seek such leave.

Based on the information provided by the plaintiffs, they did not receive information which would support the amendment until several weeks after the November 15, 2011 deadline for seeking leave to amend their complaint. Additionally, while the parties may incur some additional costs by allowing the amendment sought by the plaintiffs, the Court cannot conclude that such would be unfair or unduly prejudicial. Instead, the Court believes that the appropriate remedy would be to allow the defendants additional time to address the new issue raised by the amended complaint.

### III. Conclusion

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. Plaintiffs' motion for leave to file an amended complaint [Record No. 61] is **GRANTED**. The Clerk of the Court is directed to file the Amended Complaint previously tendered by the plaintiffs.

2. The Amended Scheduling Order is again amended in the following respects:

    A. Paragraph (1) is amended to provide that the deadline for the defendants to disclose the identity of expert witnesses who may be used at trial and

      written reports by the experts as required by Rule 26(a)(2) is extended through and including **May 15, 2012.**

B.    Paragraph (2) is amended to provide that the deadline for the defendants to complete all discovery, including discovery relating to expert witnesses, is extended through and including **May 15, 2012.** The deadline for the plaintiffs to take the depositions of the expert witnesses designated by the defendants shall be extended through and including **June 15, 2012.** However, the plaintiffs' deadline to complete all other discovery shall not be extended beyond March 15, 2012.

C.    Paragraph (4) is amended to provide that the deadline for the parties to file dispositive motions, motions *in limine*, and *Daubert* motions is extended through and including **July 2, 2012.**

D.    Paragraph (5) is amended to provide that the pretrial conference previously scheduled for July 24, 2012, is **CONTINUED** until **Tuesday, November 20, 2012**, beginning at the hour of **10:00 a.m.**, at the United States Courthouse in Frankfort, Kentucky, or such other location as the Court may set by subsequent order.

E.    Paragraph (6) is amended to provide that the jury trial previously scheduled to begin September 11, 2012, is **CONTINUED** until **Tuesday, January 22, 2013**, beginning at the hour of **10:00 a.m.**, at the United

        States Courthouse in Frankfort, Kentucky, or such other location as the Court may set by subsequent order.

3.    The hearing previously scheduled in this matter for March 9, 2012, is **CANCELED** and **SET ASIDE**.

This 29th day of February, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge