

ZURICH

December 9, 2011

**SENT VIA REGULAR MAIL AND EMAIL**

Mike Ford
Sunbelt Rentals
2341 Deerfield Drive
Fort Mills, South Carolina 29715

Claim #:         924-0081163-001
Insured:         CJ Mahan Construction/ Sunbelt Rentals, Inc.
Date of Loss:    4/22/10
Claimant:        Leon Pruitt and Rebecca Pruitt

RE: <u>Leon Pruitt v. Sunbelt Rentals et al.</u>
Case Number: 3:10-cv-00081-DCR-EBA

Dear MR. Ford:

This letter serves to provide Sunbelt Rentals ("Sunbelt") with Zurich American Insurance Company's ("Zurich") coverage position for the above captioned claim. This letter is a coverage position as to the cross claim filed by C J Mahan against Sunbelt in regards to the above-referenced lawsuit. Based on the information provided, Zurich is issuing this reservation of rights letter in regards to coverage in regard to this cross claims filed against Sunbelt. Please be advised that Zurich may be modify or amend its position upon receipt of additional information.

CJ Mahan Construction Company ("Mahan") employee, Leon Pruitt filed a lawsuit against Sunbelt rentals and Genie Industries ('Genie") to his injuries sustained while operating a Genie Model S-80 aerial lift at a construction site near Gatz, Kentucky. Genie is the manufacturer of the lift and Sunbelt Rentals is the owner of the lift who rented the lift to the plaintiff's employer. Haydon Bridge Company was the General Contractor on this project and was not named in lawsuit filed by the plaintiff.

The plaintiff was using the lift at the site which involved the erection of a bridge across the Ohio River. As he was operating the lift, the lift began to pick up speed while going down a slope and the plaintiff had to steer the lift onto an embankment, which ultimately caused the lift to roll over and pin the plaintiff underneath the overturned equipment. The plaintiff claims that the lift began to pick up speed while traveling down the slope and that he could not control or stop the lift, thus he had to drive it into the embankment in order to avoid hitting co-workers. The plaintiff filed a lawsuit against Sunbelt and Genie in regard to his injuries sustained in this accident. In response to a third party action filed against Mahan by Sunbelt, C J Mahan filed a cross claim against Sunbelt listing the following causes of action:

Count I- Mahan seeks declaratory relief in the form of a declaratory judgment against Sunbelt on the issue of the rental contract.
Count II- Mahan claims that Sunbelt owed Mahan express and implied warranties of fitness for its machine and breached those warranties.
Count III- Mahan asserts a claim for punitive damages against Sunbelt
Count IV- Mahan asks for worker's compensation subrogation for benefits expended to the Plaintiff due to Sunbelt's alleged negligence.

Based on the review of the lawsuit and the subject policy there is no coverage for counts I, II and III under the policy. The policy requires that there be an "occurrence" resulting in "bodily injury" or "property damage" that takes place the policy period to trigger coverage. The causes of action asserted in these counts do not constitute an "occurrence" as it is defined within the Zurich policy. And if there was "occurrence" under these counts they would be excluded under the exclusion for expected and intentional acts that is noted below. In addition, there is no coverage under coverage B of the policy for these counts as well since these causes of action do not involve "Personal injury "or "Advertising injury" as defined within the policy. Coverage is afforded as to count IV under the policy for negligence. Lastly, please be aware that there may be no coverage for punitive\ treble damages under the policy..

The policy contains the following relevant insuring language:

*"SECTION I—COVERAGES*
*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

1. *Insuring Agreement*
    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*
        *(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and*
        *(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*
    *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.*
    b. *This insurance applies to "bodily injury" and "property damage" only if:*
        *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
        *(2) The "bodily injury" or "property damage" occurs during the policy period...*

The policy contains the following exclusion:

2. *Exclusions.*

*This insurance does not apply to:*

   a. *Expected Or Intended Injury*
   *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

*The policy contains the following relevant insuring language under coverage Part B:*

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
1. *Insuring Agreement*
    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any*

*"suit"seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.*

The policy contains the following relevant definitions:

**"*SECTION V- DEFINITIONS***

1.  *"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:*
    a.  *Notices that are published include material placed on the Internet or on similar electronic means of communication; and*
    b.  *Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.*

4.  *"Bodily injury" means bodily injury, sickness or disease and mental anguish sustained or emotional distress when accompanied by physical injury sustained by a person, including death resulting from any of these at any time.*

13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

14. *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
    a.  *False arrest, detention or imprisonment;*
    b.  *Malicious prosecution;*
    c.  *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*
    d.  *Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*
    e.  *Oral or written publication, in any manner, of material that violates a person's right of privacy;*
    f.  *The use of another's advertising idea in your "advertisement"; or*
    g.  *Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

16. *"Property damage" means:*
    a.  *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
    b.  *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

This letter and any action or inaction taken by the Zurich shall not be deemed or construed to waive, alter, delete, and expand any of the terms, conditions, provisions, limitations or limits of coverage of Zurich's rights under the policy, now or in the future.

Should you have any questions on this letter, please feel free to contact the undersigned.

Sincerely,
Zurich American Insurance Company

*[signature]*

Paul Valle, CPCU, SCLA, AAI, AIC, AIS, ARM
MCU Claims Specialist

(847) -605-7675
Fax: 847-240-8172
Zurich North America
PO Box 66941
Chicago, Illinois 60666