UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| LEON D. PRUITT and REBECCA PRUITT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | |
| GENIE INDUSTRIES, INC., and SUNBELT RENTALS, INC., | ) ) ) ) | Civil Action No. 3: 10-81-DCR |
| Defendants/Third Party Plaintiff, | ) ) | |
| V. | ) ) | |
| C.J. MAHAN CONSTRUCTION COMPANY, LLC, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Third Party Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Genie Industries, Inc.'s ("Genie") motion for judgment on the pleadings. [Record No. 146] Genie seeks to dismiss the cross claims asserted against it by C.J. Mahan Construction Company, LLC ("Mahan") in its Counter and Cross Complaint, with the exception of Mahan's claim for subrogation of the Workers' Compensation benefits paid on behalf of Leon Pruitt. For the reasons explained below, the Court will grant Genie's motion.

**I.**

This case arises from an injury incurred by Leon D. Pruitt on April 22, 2010, during his employment with Mahan. Pruitt was injured while operating an aerial lift that was manufactured

-1-

by Genie and sold to Sunbelt Rentals, Inc. ("Sunbelt"). Sunbelt, in turn, rented the lift to Mahan for use in a construction project. Pruitt, along with his wife Rebecca, filed a products liability suit against Genie and Sunbelt on December 15, 2010. [Record No. 1] Sunbelt filed a third-party complaint against Mahan on June 1, 2011. On November 7, 2011, the Court permitted Mahan to file an amended answer, in which Mahan asserted counter and cross claims against Sunbelt and Genie. [Record No. 43] Genie filed its motion for judgment on the pleadings on July 12, 2012. [Record No. 146]

## II.

After a defendant has filed an answer and the "pleadings are closed," it may move to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The "standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Equal Emp't Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although

---

1   The Court notes that the "no set of facts" language quoted by Mahan is no longer good law. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The *Twombly* Court expressly rejected the use of that language as a standard to decide a motion to dismiss, explaining that *Conley*'s language did not describe the "minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 550 U.S. at 563.

the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

### III.

Genie seeks to dismiss Mahan's breach of contract and breach of warranty claims. It contends that the breach of contract claim fails because Mahan has not sufficiently alleged the existence of a contract. For the same reasons, Genie maintains that the breach of warranty claim must be dismissed because Mahan failed to demonstrate privity of contract between it and Genie. Thus, according to Genie, "Mahan's only viable claim against Genie is for reimbursement of any medical or income benefits it has paid to Leon Pruitt pursuant to Kentucky's Workers' Compensation Act." [Record No. 151, p. 10]

#### A.     Breach of Contract Claim

Genie asserts that there is no contract between Genie and Mahan; therefore, it contends that Mahan's breach of contract claims fail as a matter of law. "Under Kentucky law, . . . to recover in any action based on breach of a contract, a plaintiff must show the existence and the breach of a contractually imposed duty." *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). Thus, for Mahan to prevail on its contract claim, it must show: "(1) the existence of a valid contract; (2) breach of a contract; and (3) damages or loss to [the] plaintiff." *Sudamax Industria e Comercio de Cigarros, Ltd v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007). In Kentucky, "an enforceable contract must contain definite and certain

terms setting forth promises of performance to be rendered by each party." *Kovacs v. Freeman*, 957 S.W.2d 251, 254 (Ky. 1997).

As Genie points out, "Mahan does not identify or attach any contract between it and Genie to its Counter and Cross Complaint."[2] [Record No. 146-1, p. 6] Moreover, Mahan "failed to plead the terms of the alleged . . . contract between it and Genie or the consideration for the performance of the alleged contract." [*Id.*] Mahan does not seek to refute this assertion. Instead, it argues that it is a third-party beneficiary to the contract between Genie and Sunbelt. As a result, Mahan asserts that it "can maintain a breach of contract claim against Genie." [Record No. 148, p. 10]

It is true that a "'third person may enforce a promise made for his benefit even though he is a stranger both to the contract and to the consideration.'" *Simpson v. JOC Coal, Inc.*, 677 S.W.2d 305, 308 (Ky. 1984) (quoting *Long v. Reiss*, 160 S.W.2d 668, 673 (Ky. Ct. App. 1942)). However, Kentucky courts have consistently held that for a person to qualify as a third-party beneficiary, the contract in question must have been "'made and entered into directly or primarily for the benefit of such third person.'" *King v. Nat'l Indus., Inc.*, 512 F.2d 29, 32 (Ky. Ct. App. 1975) (quoting *Long v. Reiss*, 160 S.W.2d 558, 674 (Ky. 1942)). A person seeking to recover under a contract as a third-party beneficiary must "allege and prove that the contract was intended for his benefit in the sense that it embraces the claim asserted by him." *Louisville & Nashville R.R. Co. v. Dry Branch Coal Co.*, 65 S.W.2d 1008, 1011 (Ky. Ct. App. 1933).

---

2   When considering a motion for judgment on the pleadings, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Moreover, "'the mere fact that [a third person] will be incidentally benefited [sic] by the performance of the contract is not sufficient to entitle him to enforce it.'" *Simpson*, 677 S.W.2d at 307 (quoting *Ball v. Cecil*, 148 S.W.2d 273, 274 (Ky. Ct. App. 1941)); *see King*, 512 F.2d at 33 ("Any others who may incidentally benefit from a contract are no more than incidental beneficiaries with no enforceable rights under the contract.").

In the present case, Mahan has failed to establish that it was the intended beneficiary of the contract between Genie and Sunbelt. Its only argument is that Genie "knew that Sunbelt would be renting this defective [aerial lift] to contractors such as C.J. Mahan." [Record No. 148, p. 7] However, "[o]nly a third-party beneficiary who was intended by the parties to benefit from the contract, namely, a donee or a creditor beneficiary, has standing to sue on a contract; an incidental beneficiary does not acquire such right."[3] *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004). Mahan has pleaded no facts to support the conclusion that it is either a donee or beneficiary creditor. Indeed, it has even failed to allege in the Counter and Cross Complaint that the "contract in question was made for [its] actual and

---

3   A person is a donee beneficiary if "the purpose of the promisee in buying the promise is to make a gift to the beneficiary." *Sexton v. Taylor Cnty.*, 692 S.W.2d 808, 810 (Ky. Ct. App. 1985) (internal quotation marks omitted). And a "person is a creditor beneficiary if the promisee's *expressed* intent is that the third party is to receive performance of the contract in satisfaction of any actual or supposed duty or liability of the promisee to the beneficiary." *Id.* (emphasis added).

direct benefit."[4] *Sexton*, 692 S.W.2d at 810. Therefore, Mahan's breach-of-contract claims against Genie must be dismissed for failure to state a claim upon which relief may be granted.

### B. Warranty Claim

Genie also seeks to dismiss Mahan's products-liability claim for breach of express and implied warranties on the grounds that there is no privity of contract between the parties. Mahan counters that there is "no need for privity." [Record No. 148, p. 7] Mahan cites *Dealers Transport Co. v. Battery Distributing Co.*, 402 S.W.2d 441 (Ky. 1966), for the proposition that, under Kentucky law, a plaintiff does not need to establish privity of contract to maintain a breach of warranty action against the manufacturer of a defective product. *Id.* at 446. Mahan also relies on *Griffin Industries, Inc. v. Jones*, 975 S.W.2d 100 (Ky. 1998), which described *Dealers* as holding that "privity is not a prerequisite to the maintenance of an action for breach of an implied warranty in products liability actions." *Id.* at 102.

Mahan's reliance on *Dealers* and *Griffin* is misplaced. In *Compex International Co. v. Taylor*, 209 S.W.3d 462 (Ky. 2007), the Supreme Court of Kentucky rejected the exact argument asserted by Mahan. The court specifically stated that "*Griffin* mischaracterized the holding in *Dealers*." *Id.* at 464. It explained that, "[w]hile there is no question that the *Dealers* Court

---

4   Mahan's claim would fail even if it had sufficiently alleged that it was an intended third-party beneficiary of the alleged contract between Genie and Sunbelt. A third-party beneficiary may enforce a contract to obtain the benefit that it is entitled to under the terms of the contract. Here, Mahan appears to argue that it is the third-party beneficiary to the sales contract between Genie and Sunbelt [*see* Record No. 148, p. 2 (referring to the "contract, between Sunbelt and Genie, upon which the sale was made")], although the Counter and Cross Complaint fails to identify the alleged contract with any specificity. Even accepting these ambiguous allegations as true, Mahan would have no cause of action against Genie or Sunbelt as a third-party beneficiary because the sales contract was already, presumably, performed in full: Sunbelt paid Genie for the aerial lift and Genie delivered the lift to Sunbelt.

openly entertained the idea of disposing of privity as a prerequisite for products liability actions involving breach of warranty, the Court ultimately declined to endorse that view."[5] *Id.* Thus, the Supreme Court of Kentucky has consistently held that the "beneficiaries of implied warranties are limited to the purchaser" of the product.[6] *Williams v. Fulmer*, 695 S.W.2d 411, 414 (Ky. 1985); *see Compex*, 209 S.W.3d at 464 (noting that the court previously "confirmed the limits of the *Dealers* opinion" in *Williams*).

Therefore, "[u]nder Kentucky law, privity of contract is an essential element of a claim for breach of warranty." *Allen v. Abbott Labs.*, No. 11-146-DLB, 2012 U.S. Dist. LEXIS 363, at *14 (E.D. Ky. Jan. 3, 2012). Because Mahan is not in privity of contract with Genie, it has no valid products-liability claim for breach of warranty against Genie as the manufacturer of the aerial lift. The claim will be dismissed for failure to state a claim upon which relief may be granted.

### C. Strict Liability and Negligence Claims

---

5     The *Dealers* court mused: "[w]e think we would do no judicial violence to hold that the law in this jurisdiction is that privity is *not* a prerequisite to maintenance of an action for breach of implied warranty in products liability cases. . ." 402 S.W.2d at 446. However, it went on to decide the case under the strict liability theory of products liability claims, as laid out in Section 402A of the Restatement (Second) of Torts. *Id.*; *see Compex*, 209 S.W.3d at 464 (noting that the *Dealers* court determined that the application of strict liability principles "was the better approach" to the problem at hand).

6     There is one statutory exception to this general rule:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.

Ky. Rev. Stat. Ann. § 355.2-318. By the express terms of this statutory provision, this exception does not apply here. Further, Mahan does not attempt to argue that it falls under the protections of this statute.

Finally, Mahan argues that it "affirmatively plead[ed] in the Cross-Claim that Genie breached its duties to C.J. Mahan." [Record No. 148, p. 10] Mahan seems to contend that because it used the word "duties" twice in its Counter and Cross Complaint, it has asserted valid products-liability claims under strict liability and negligence theories. [Record No. 43, p. 14 ¶ 55; *id.*, p. 16 ¶ 2] However, the use of the term "duty" with no additional supporting factual allegations is not sufficient to allow the Court to read a plausible cause of action into Mahan's pleading.

Mahan asserts that its claims should not be dismissed because "Genie was clearly put on notice that C.J. Mahan was making a claim against it."[7] [Record No. 148, p. 10] It maintains that its claims are sufficient under notice pleading standards, which require that a complaint state its claims "with sufficient specificity so that defendants receive fair notice of the claims against them."[8] [*Id.*] The Court rejects Mahan's assertion that it "specifically plead[ed] a strict liability claim against Genie." [Record No. 148] Mahan's general allegation that Genie "owed [Mahan] duties" is insufficient to alert Genie to the nature of the claims that Mahan apparently attempted to assert in Count Two of its Counter and Cross Complaint. [Record No. 43, p. 14 ¶ 55] With regard to the strict liability and negligence claims, therefore, Mahan's Counter and Cross

---

7 While this statement is technically true, and Genie did in fact know that Mahan was asserting one or more claims against it, Genie appears not to have been aware of the type of claims those might be. The fact that Genie had difficulty identifying Mahan's claims in its motion for judgment on the pleadings supports this Court's conclusion that Mahan has failed to state a claim upon which relief may be granted. [*See* Record No. 146-1, p. 4]

8 Mahan erroneously cites the Kentucky Rules of Civil Procedure for this argument. It should be noted that the Federal Rules of Civil Procedure apply in federal court, not the Kentucky Civil Rules. However, because the standard for notice pleading under the Kentucky Rules are not significantly different from the standard under the Federal Rules, this error does not change the basic thrust of Mahan's argument.

Complaint "fail[s] to satisfy even the minimal notice pleading requirements of the Federal Rules of Civil Procedure." *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003).

Not only is there no apparent claim for strict liability or negligence on the face of the Counter and Cross Complaint, there are no factual allegations to support such claims even if they had been clearly elucidated. The Supreme Court has made it clear that to survive a motion to dismiss (and thus a motion for judgment on the pleadings), a plaintiff must include sufficient factual content in his complaint to render it plausible that he will be able to prove his claim at a later stage in the action. In other words, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. To state a plausible claim, Mahan must provide "more than a sheer possibility" that Genie has acted unlawfully. *Id.* at 678. This it has failed to do. The Court agrees with Genie that "Mahan fails to allege any facts which show what duty Genie owed Mahan, how Genie breached that duty, how it caused Mahan harm, or what damages Mahan suffered." [Record No. 151, p. 10] Therefore, Mahan's claim for strict liability and negligence — to the extent that the Counter and Cross Complaint even contains them — must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

Mahan's Counter and Cross Complaint does not assert a plausible cross claim against Genie for breach of contract or breach of express or implied warranty. Additionally, Mahan's products-liability claims for strict liability and negligence must fail under Rule 8(a) and Rule 12(c) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

**ORDERED** as follows:

1. Genie Industries, Inc.'s Motion for Judgment on the Pleadings [Record No. 146] is **GRANTED**.

2. With the exception of the subrogation claim (Count Four), the cross claims asserted by C.J. Mahan Construction Company against Genie Industries, Inc. are **DISMISSED**, with prejudice.

This 10th day of January, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge